## HOWELL BROS. ET AL. V. JONES & OWEN.

### (No. 2186.)

APPEAL from Tarrant County. Opinion by WILLSON, J.

*(Transferred from Austin.)*

REEVES & SPENCE and ROBT. L. CARLOCK, counsel for appellants.

CARTER, WYNNE & DE BERRY, counsel for appellees.

§ **208.** *Levy upon partnership property; how to be made; interest of partner in, subject to execution; liability of plaintiff in execution, attorney and officer, for damages for illegal levy, etc.; case stated.* Appellees brought this suit against Howell Bros., Cowan and Keeling to recover damages for the alleged wrongful conversion of a stock of goods. Keeling having died after the institution of the suit, a discontinuance as to him was entered. Appellees recovered judgment against Howell Bros. and Cowan for the value of said goods and costs. The facts of the case are substantially that appellees were partners in the mercantile business, and as such owned a stock of goods. Howell Bros. having a judgment against appellee Jones individually, for which the

firm of Jones & Owen was not liable, caused execution to be issued upon said judgment, and Cowan, acting as attorney for Howell & Bro., procured Keeling, a constable, by virtue of said execution, to seize and take actual possession of said stock of goods. Said constable took actual possession of the whole of said stock of goods, locked the house in which they were situated and delivered the key to Cowan. Thereafter, said constable, by virtue of said execution and seizure thereunder, sold the interest of said Jones in said goods, said interest being two-thirds of the whole, and at said sale Cowan purchased said interest for Howell Bros. Thereafter, said Cowan, still acting for Howell Bros., divided said goods, taking two-thirds thereof for Howell Bros., and removing said two-thirds from said house, and leaving one-third remaining in said house, as the interest of appellee Owens in said stock, and he then delivered the key of said house to said Owens. Neither Owens nor Jones consented to any of these proceedings, and neither of them ever received said one-third of said goods left in said house, or any part thereof, but, on the contrary, refused to claim, receive or have anything to do therewith. *Held:* "It is universally conceded that, except where some statutory provision to the contrary has been enacted, the interest of a partner is liable to execution for his individual debts." [Freeman on Ex. § 125.] In this state there is no statute contravening the general rule, but, on the contrary, our statute expressly recognizes the right of a creditor of an individual member of a copartnership to subject to his debt the interest of such member in the partnership property. It cannot, therefore, be questioned that the interest of Jones in the stock of goods was subject to the execution of Howell Bros. But such interest was primarily liable for the debts of said copartnership, and the purchaser of such interest, at execution sale, would acquire no greater rights than those of Jones, the execution debtor. Such purchaser would take the property subject to the copartnership

liabilities. [Rogers v. Nichols, 20 Tex. 719.] Such purchaser does not acquire the right to hold possession of the property purchased as against the other members of the firm, but he only acquires an interest in the proceeds after the business of the firm shall have been settled. [Freeman on Ex. § 125.] Neither before or after the sale of said goods did Howell Bros. have the right to take actual and exclusive possession of the same, or of any part thereof. Nor did the constable, by virtue of said execution, have the right to take such possession of the goods. Our statute provides that "a levy upon the interest of a partner, in partnership property, is made by leaving a notice with one or more of the partners or with a clerk of the partnership." [R. S. art. 2295.] And when such interest is sold under such levy, the sale may be without the *presence* of the property and without a *delivery* of it by the officer to the purchaser. [R. S. art. 2313.] As we understand our statute, in levying upon an interest in partnership property, actual possession of no part of such property can be taken by the officer. All that he is authorized to do is to notify one of the partners or a clerk of the partnership that he has levied upon said property or an interest therein. The property remains in the actual possession of the firm, and is never in fact in the possession of the officer. When the officer sells it under the execution he does not deliver it to the purchaser, as in ordinary cases of the sale of personal property under execution. The purchaser becomes the legal owner of whatever interest the execution debtor may have in the same, and he is left to ascertain and adjust that interest with the other partners and with the creditors of the partnership. We hold, therefore, that the seizure of said goods was illegal and wrongful. It was a conversion of the goods for which said officer, Howell Bros. and Cowan were all responsible. "When an officer wrongfully exercises a right of dominion over personal property, he is guilty of a conversion. His liability for the conversion attaches

at once and cannot be removed by any act of his, unless by the assent of the owner of the property." [Freeman on Ex. § 272.] Howell Bros. were guilty of the conversion because they had authorized Cowan to act for them in the premises, and Cowan was guilty of the conversion because he was present and directed the acts of the officer in making the seizure, etc., of the goods.

December 4, 1886.                                    Affirmed.